UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SAI DHAN 6767 LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV425-262 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

In its review of this case, the Court has identified several procedural issues that must be addressed. Plaintiff Sai Dhan 6767 LLC filed its Complaint against Defendant State Farm Fire and Casualty Company in the Superior Court of Bryan County, Georgia, on September 17, 2025. Doc. 1-1 at 2. Defendant filed a Special Appearance Answer in the Superior Court on October 31, 2025. Doc. 1-2 at 28. Defendant then removed the case to this Court on November 4, 2025. Doc. 1. After removal, Defendant filed an Amended Answer on November 5, 2025. Doc. 4. Later that day, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim. Doc. 5. That Motion is procedurally improper.

1

Federal Rule of Civil Procedure 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). However, a party raising by motion the defenses enumerated under the rule must do so "before pleading if a responsive pleading is allowed." *Id.* (emphasis added). "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed." *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989). Even though Defendant raised the same issues presented in its Motion to Dismiss in the Answer, *see, e.g.*, doc. 4 at 1, that does not necessarily cure the procedural misstep. *See Walker v. Mead*, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) ("[T]o the extent the Motion seeks dismissal under Federal Rule of Civil Procedure 12(b), any right thereto has been waived because [defendant] filed his Motion contemporaneously with his answer, in contravention of Rule 12(b)'s requirement that a motion to dismiss be filed *before* the responsive pleading."); *see also Brisk*, 709 F. Supp. at 1147 ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss."); *cf. Ward v. Glynn Cnty. Board of Comm'rs*, 2016 WL 4269041, at *7 (S.D.

Ga. Aug. 11, 2016) (declining to find that defendant's filing of an answer on the same day as its motion to dismiss for failure to state a claim rendered the motion moot, where motion was submitted before the responsive pleading).

Plaintiff's next move further complicates this case's procedural posture. Its deadline to respond to Defendant's (albeit procedurally improper) Motion to Dismiss was extended to December 3, 2025. Doc. 12. Instead of responding, it filed an Amended Complaint on December 1, 2025. Doc. 19. Defendant has now filed its Answer to Plaintiff's Amended Complaint. Doc. 20.

The Federal Rules permit a party to amend a pleading "once as a matter of course," by the earlier of 21 days of serving it on a defendant or within 21 days after a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1). All other amendments require the Court's permission or the other party's written consent. Fed. R. Civ. P. 15(a)(2). The latest Plaintiff could have filed an Amended Complaint as of right, pursuant to Rule 15(a)(1), was November 26, 2025. Therefore, the Amended Complaint, filed December 1, required either Defendant's consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). It was filed without either. *See*

3

*generally* doc. 19.  That could render it a legal nullity.  *See, e.g., Rogers v. Hartford Life & Accident Ins. Co.*, 2012 WL 2395194, at *1 n. 1 (S.D. Ala. June 22, 2012) ("There is no doubt that striking an improper amended pleading filed without leave of court is appropriate and necessary to enforce Rule 15(a)(2).").

However, the United States District Court for the Middle District of Georgia has found that an order extending the time to respond to a motion to dismiss also extends the time period for filing an amended complaint as a matter of course.  *See New York Life Ins. Co. v. Grant*, 57 F. Supp. 3d 1401, 1408-09 (M.D. Ga. 2014).  Under that approach, the Amended Complaint would be considered timely filed under Rule 15(a)(1).  Even if the Court did not follow that approach, the Eleventh Circuit has also acknowledged that "some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend *would have been granted had it been sought* and when it does not appear that any of the parties will be prejudiced by allowing the change."  *Hoover v. Blue Cross and Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988) (internal citation and quotations omitted).

Given the early stages of the proceeding, the procedural impropriety of Defendant's Motion to Dismiss discussed above, Plaintiff's potential reliance on its extended deadline to respond to the Motion to Dismiss, and Defendant's acceptance of the Amended Complaint as the operative pleading, based on its Answer to that pleading, the Court will consider the Amended Complaint appropriately filed and therefore the operative pleading.  An amended pleading "supersedes the former pleading" such that "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (internal quotation marks and citation omitted); *see also Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint.").  Therefore, the Amended Complaint, and Defendant's subsequent Answer, render the pending Motion to Dismiss moot.  *See Auto-Owners Ins. Co. v. Tabby Place Homeowners Ass'n, Inc.*, 637 F. Supp. 3d 1342, 1348 n. 4 (S.D. Ga. 2022).

The Clerk is, therefore, **DIRECTED** to **TERMINATE** Defendant's Motion to Dismiss as **MOOT**.  Doc. 7.

**SO ORDERED**, this 10th day of December, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA